**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| JAMES BOHLEN, Board of Trustees Chairman, )<br>and DAVID THARP, Board of Trustees Secretary, )<br>respectively, on behalf of INDIANA REGIONAL )<br>COUNCIL OF CARPENTERS PENSION TRUST )<br>FUND and INDIANA REGIONAL COUNCIL )<br>OF CARPENTERS DEFINED CONTRIBUTION )<br>PLAN; ROBERT HARGATE, Board of Trustees )<br>Chairman, and DAVID THARP, Board of Trustees )<br>Secretary, respectively, on behalf of )<br>INDIANA CARPENTERS WELFARE FUND and )<br>INDIANA CARPENTERS APPRENTICESHIP )<br>TRAINING FUND AND JOURNEYMAN )<br>UPGRADE PROGRAM; DOUGLAS J. )<br>McCARRON, Board of Trustees Chairman, )<br>on behalf of UNITED BROTHERHOOD OF )<br>CARPENTERS APPRENTICESHIP TRAINING )<br>FUND OF NORTH AMERICA; and INDIANA )<br>REGIONAL COUNCIL OF CARPENTERS )<br>OF THE UNITED BROTHERHOOD OF )<br>CARPENTERS AND JOINERS OF AMERICA )<br>n/k/a INDIANA/KENTUCKY REGIONAL )<br>COUNCIL OF CARPENTERS, )<br>)<br>               Plaintiffs, )<br>)<br>   v. )<br>)<br>TILDEN & TILDEN and CYNTHIA A. TILDEN, )<br>)<br>               Defendants. ) | No. 2:05 CV 043 PS |

**OPINION AND ORDER**

Before the Court is Plaintiffs' Motion for Default Judgment against Defendants Tilden & Tilden and Cynthia Tilden. [Docket No. 20.] Because Defendants have failed to respond to the Complaint, Plaintiffs' Motion for Default Judgment is **GRANTED**.

## I. BACKGROUND

Plaintiffs filed the complaint in this matter on February 3, 2005. [Docket No. 1.] Service of the summons and complaint was made by certified mail and received on February 23, 2005. Defendants failed to appear, plead, or otherwise defend the lawsuit. Accordingly, Plaintiffs filed a motion for entry of default on September 20, 2006 [Docket No. 19], which the clerk of the court entered on September 25, 2006 [Docket No. 21]. Plaintiff's Motion for Default Judgment [Docket No. 20] is now before the Court.

Plaintiffs allege that Tilden & Tilden is a signatory to a collective bargaining agreement with Plaintiff Indiana/Kentucky Regional Council of Carpenters (the "Union"). Under this agreement, Tilden & Tilden is bound to contribute to several employee trust funds (the "Trust Funds").[1] Plaintiffs allege that Tilden & Tilden violated ERISA by failing to properly make the monthly payments due the Trust Funds from the period of August 1, 2003 through the filing of this lawsuit on February 3, 2005. *See* 29 U.S.C. § 1145 ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."). The Union also seeks payment of delinquent payroll deductions for union dues assessments and contributions to various funds that Tilden & Tilden was obligated to pay under the collective

---

[1] The Trust Funds (specifically, the Indiana Regional Council of Carpenters Pension Trust Fund, Indiana Regional Council of Carpenters Defined Contribution Plan, Indiana Carpenters Welfare Fund, Indiana Carpenters Apprenticeship Training Fund and Journeyman Upgrade Program, and United Brotherhood of Carpenters Apprenticeship Training Fund of North America) are also plaintiffs in this case.

bargaining agreement.[2]  29 U.S.C. § 185 (providing federal jurisdiction over suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce).  Plaintiffs have not only sued Tilden & Tilden, but also its owner, Cynthia Tilden, alleging that she acted in bad faith, engaged in fraud, and operated the company as her alter ego such that she should be held personally liable for the delinquent contributions and deductions.

Plaintiffs represent that, shortly after this lawsuit commenced, Tilden & Tilden made a payment of $45,007.48 toward its outstanding obligations.  (David Aff. at 2; *see also* Docket No. 10.)  However, Plaintiffs allege that the Trust Funds are still owed $8,070.37 in delinquent contributions, interest, liquidated damages, late payment assessments, and audit fees for the payroll audit period of August 1, 2003 through June 30, 2004.  Plaintiffs allege that Tilden & Tilden still owes the Union $4,297.28 in delinquent dues, contributions to its Market Recovery Fund, interest, and liquidated damages.  Plaintiffs also allege that Tilden & Tilden owes $6,294.84 in delinquent payroll deductions to the Union's Savings and Vacation Fund, interest, and liquidated damages.  Adding these damages to Plaintiffs' requests for attorney's fees ($3,287.50) and costs ($158.84), Plaintiffs seek a total of $22,108.83.

## II.  DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment.  Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).  *See Hill v. Barbour,* 787 F. Supp. 146, 148 n.4 (N.D. Ill. 1992).  Under

---

[2] Plaintiffs' action to recover union dues and assessments is not tied to ERISA because union dues and assessments are not "plan assets" governed by ERISA.  *See* 29 C.F.R. § 2510.3-102(a).

3

Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). "This entry is recognition of the fact that a party is in default for a failure to comply with the rules." *See Hill*, 787 F. Supp. at 148 n.4 (citing 6 Moore *et al.*, Moore's Federal Practice ¶ 55.03 (2d ed. 1985)). Because the clerk has already entered default against Defendant in this case, this Court may now enter a default judgment under Rule 55(b)(2).

Courts may consider a number of factors when deciding a motion for default judgment. These factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt. 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 2685 (3d ed. 1998); *see also American Nat'l Bank & Trust Co. of Chicago v. Alps Elec. Co., Ltd.*, No. 99 C 6990, 2002 WL 484845, at *1 (N.D. Ill. Mar. 29, 2002) (citation omitted).

In this case, there are very few material issues of fact, and the grounds for default are clearly established. The default is not simply a technicality given that Defendants have not pleaded or appeared in this lawsuit in the two years since it was filed. Moreover, Plaintiffs seek a relatively small amount of money, and the lawsuit implicates no issues of public importance. Thus, all of the factors weigh in favor of default judgment.

When a court determines that the defendant is in default, all well-pleaded allegations of the complaint will be taken as true. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993) (citations omitted); *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

4

Here, this means that the Court must take as true Plaintiffs' assertion that Tilden & Tilden is liable to the Trust Funds for delinquent contributions and is liable to the Union for delinquent benefit payments.

Moreover, taking the allegations of the complaint as true, the Court must assume that the corporate veil should be pierced such that default judgment should be entered against Cynthia Tilden as well as Tilden & Tilden. Normally, a corporate officer cannot be held personally liable under ERISA unless there is a basis for piercing the corporate veil. *Plumbers' Pension Fund, Local 130 v. Niedrich*, 891 F.2d 1297, 1299-1300 (7th Cir. 1989) (citations omitted) ("[U]nless the corporation is acting for and an alter ego of the individual or there exist facts that warrant piercing the corporate veil, the individual will not be held liable for the corporation's obligations under ERISA."). Plaintiffs alleged in the complaint that "Defendant Cynthia A. Tilden has failed to observe corporate formalities, has manifested an actual or presumed intent to evade her obligations under ERISA, acted in bad faith and/or engaged in presumptive or actual fraud or is an alter ego, successor, disguised continuance or single employer with respect to Tilden & Tilden and its obligations" to the Trust Funds and the Union. (Compl. at 11-13.) Therefore, taking these allegations to be true, the Court must pierce the corporate veil and hold Cynthia A. Tilden personally liable for Tilden & Tilden's ERISA obligations.

"Although upon default the factual allegations of a complaint relating to liability are taken as true, those allegations relating to the amount of damages suffered are ordinarily not." *Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citations omitted). Though Fed. R. Civ. P. 55(b)(2) provides that a court may hold a hearing or conduct an investigation if necessary to determine the amount of damages, no such

5

inquiry is necessary if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.*; *see also Pope v. United States*, 323 U.S. 1, 12 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly.") (citations omitted).  Plaintiffs' damages are discussed below.

### A. Delinquent Contributions to Trust Funds

When a benefit plan wins a judgment to enforce payment of delinquent contributions, it is entitled to:

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of –

    (I) interest on the unpaid contributions, or

    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In support of the Trust Funds' claims for delinquent contributions, Plaintiffs submit the affidavit of Arlene David, a payroll auditor.  (David Aff. at ¶ 2.)  David avers that, at one time, Tilden & Tilden owed $53,077.85 in "delinquent contributions, interest, liquidated damages, late payment assessments and audit fees" for the payroll audit period of August 1, 2003 through June

6

30, 2004.  David then subtracts the $45,007.48 that Tilden & Tilden paid after Plaintiffs commenced this lawsuit, concluding that Defendants owe $8,070.37.

Plaintiffs are entitled the full amount sought.  29 U.S.C. § 1132(g)(2) is a mandatory provision requiring the employer to pay the unpaid contributions, interest, liquidated damages, and attorney's fees.  Plaintiffs are entitled to interest and liquidated damages even though Tilden & Tilden paid some or all of the delinquent contributions after this lawsuit commenced.  *See Operating Eng'rs Local 139 Health Benefit Fund v. Gustafson Const. Corp.*, 258 F.3d 645, 654-55 (7th Cir. 2001) (citations omitted) (holding that interest and liquidated damages provisions of § 1132(g)(2) apply to contributions that are unpaid as of the date of suit, not the date of judgment).

Because Plaintiffs allege that both the collective bargaining agreement and the Trust Agreements require the employer to pay any audit fees incurred in collecting delinquent contributions, an award for those fees is also appropriate.  And although the Complaint does not specifically allege that Plaintiffs are entitled to late payment assessments under the collective bargaining agreement, the Court in any event finds the imposition of late payment assessments ($901.92 on an original balance of $43,100 in unpaid contributions) to be reasonable and appropriate.  29 U.S.C. § 1332(g)(2)(E).

### B.  Dues Assessments, Market Recovery Fund, and Savings/Vacation Fund Deductions

Plaintiffs allege that Tilden & Tilden is obligated under the collective bargaining agreement to make payroll deductions for the "Savings/Vacation Fund, Market Recovery Fund, and the Union's working dues assessment," and to "make contributions to the Building and Construction Resource Center, Inc. and the Construction Advancement Foundation, et al."

7

(Compl. at 7.)  They allege that the agreement provides that the employer will pay the Union's interest and the costs incurred in collecting delinquent deductions. (*Id*.)  Plaintiffs submit the affidavits of Marsha Baker and Bill Lowry, who each monitor monthly payments to different Union funds.  Baker avers that Tilden & Tilden owes the Union a total of $4,297.28 in union dues and contributions to the Market Recovery Fund, inclusive of interest and liquidated damages.  Lowry avers that Tilden & Tilden owes Plaintiff $6,294.84 in unpaid savings and vacation deductions, also inclusive of interest and liquidated damages.  The Union is entitled to the full sum of these unpaid deductions, interest, and liquidated damages,[3] or $10,592.12.

### C. Attorney's Fees and Costs

Finally, Plaintiffs seek attorney's fees and costs.  Plaintiffs are entitled to fees and costs under both 29 U.S.C. § 1135(g)(2) and the collective bargaining agreement (as a cost incurred in collecting delinquent deductions).  Plaintiffs submit the affidavit of Paul T. Berkowitz, counsel for the Plaintiffs.  Berkowitz avers that Plaintiffs have incurred attorney's fees of $3,287.50 in pursuit of their claim.  Although Berkowitz has neglected to provide the Court with his normal hourly rate so that the lodestar could be calculated, he has provided a billing spreadsheet detailing the fees incurred.  The Court finds that fees of $3,287.50 are reasonable for the work he has undertaken, including drafting the complaint, making court appearances, and conducting numerous conference calls with Defendants.  Additionally, the fees are small relative to the total amount recovered from Defendants, which includes a payment of more than $45,000 that was

---

[3] Plaintiffs do not explicitly state in the Complaint that the collective bargaining agreement provides for liquidated damages.  However, the Complaint does contain a demand for liquidated damages on the delinquent deductions, and the affidavits of Baker and Lowry stating that Tilden & Tilden owes Plaintiffs liquidated damages are sufficient to establish an entitlement to such damages.

8

made only after the lawsuit was filed.  Berkowitz also lists $158.84 incurred as costs; these are reasonable and will be awarded.

## CONCLUSION

The Court, being duly advised, **GRANTS** the Motion for Default Judgment [Docket No. 20].  Defendants Tilden & Tilden and Cynthia A. Tilden are **ORDERED** to pay Plaintiffs $22,108.83 in delinquent contributions and deductions, late payment assessments, audit fees, interest, liquidated damages, attorney's fees, and costs.  The Clerk is directed to enter **FINAL JUDGMENT** stating that Plaintiff is entitled to the relief ordered herein.  The Clerk is further directed to treat this matter as **TERMINATED**.

**SO ORDERED.**

ENTERED:  February 20, 2007

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT